IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL KEITH WILLIAMS,<br><br>               **Plaintiff,**<br><br>   vs.<br><br>KENNETH L. WAINSTEIN, MERRICK GARLAND, CHRISTOPHER WRAY, ALEJANDRO MAYORKAS, and CHARLES KABLE JR.,<br><br>               **Defendants.** | 8:23CV136<br><br>ORDER |

      This matter is before the Court after review of the docket. Plaintiff filed a Complaint (Filing No. 1) against the above-captioned defendants on April 11, 2023, alleging the United States government has violated his constitutional rights by placing devices in his house and subjecting him to radiation and a human experiment without his consent. The defendants are all United States employees or officers. Plaintiff requested five summons, one for each named defendant, and the Clerk of Court issued the summons as requested. On April 26, 2023, Plaintiff filed five documents captioned "Proof of Service" and handwrote that service was accomplished on each defendant by "certified mail" on April 26, 2023. (Filing Nos. 6-10). Plaintiff did not file any signed return receipts reflecting such mail was received.

      Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Although Plaintiff is proceeding pro se, he must nevertheless comply with local rules, court orders, and the Federal Rules of Civil Procedure. See *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "*pro se* status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]"). Properly effected service of process is a fundamental element to any lawsuit. See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Federal Rule of Civil Procedure (4)(i) applies when a plaintiff attempts service on "the United States and its Agencies, Corporations, Officers, or Employees." A plaintiff who seeks to file an action against a United States officer or employee sued only in an official capacity must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). To serve a United States officer or employee sued in an individual capacity "for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity)," a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g). Fed. R. Civ. P. 4(i)(3).

More than 90 days have passed since the complaint was filed, and based upon the documents submitted by Plaintiff, he has not accomplished proper service upon the defendants, as United States officers or employees, under Rule 4(i) of the Federal Rules of Civil Procedure. Rule 4(m) requires the court to dismiss a complaint if a defendant is not served within 90 days or order that service be made within a specified time, after providing notice to the plaintiff. Therefore, under the circumstances, Plaintiff is granted an extension of time until **August 4, 2023**, to properly accomplish service of process upon the defendants as outlined by Rule 4(i). Failure to accomplish service of process by that date may result in dismissal of this case without further notice. See Fed. R. Civ. P. 4(m). Accordingly,

3

**IT IS ORDERED:** Plaintiff is granted an extension of time until **August 4, 2023**, to complete proper service of process upon the defendants. The failure to timely comply with this order may result in dismissal of this case pursuant to Federal Rule of Civil Procedure 4(m) without further notice.

Dated this 19th day of July, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge