# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MICHAEL KEITH WILLIAMS,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **KENNETH L. WAINSTEIN, MERRICK GARLAND, CHRISTOPHER WRAY, ALEJANDRO MAYORKAS, and CHARLES KABLE JR.,** <br><br> **Defendants.** | **8:23CV136** <br><br> **FINDINGS AND RECOMMENDATION** |

This matter is again before the Court after review of the docket. Plaintiff filed a Complaint (Filing No. 1) against the above-captioned defendants on April 11, 2023, alleging the United States government violated his constitutional rights by placing devices in his house and subjecting him to radiation and a human experiment without his consent. The defendants are all United States employees or officers. Plaintiff requested five summons, one for each named defendant, and the Clerk of Court issued the summons as requested. On April 26, 2023, Plaintiff filed five documents captioned "Proof of Service" and handwrote that service was accomplished on each defendant by "certified mail" on April 26, 2023. (Filing Nos. 6-10). Plaintiff did not file any signed return receipts reflecting if or when such mail was received.

On July 19, 2023, the Court entered an Order informing Plaintiff that he had not properly served the defendants, as United States officers or employees, under Rule 4(i) of the Federal Rules of Civil Procedure within 90-days of filing the complaint as required under Rule 4(m). The Court set forth the full text of Rule 4(i), which provides what a party must do to serve the United States and its officers or employees. The Court also provided Plaintiff with an extension of time to August 4, 2023, to complete proper service of process upon the defendants. (Filing No. 11).

In response to the Court's Order, on August 2, 2023, Plaintiff filed five Proof of Service documents for each named defendant, again stating he served each defendant by certified mail sent on April 11, 2023, and provided tracking numbers for each. (Filing Nos. 12-16). However, despite the Court's Order outlining Rule 4(i) and providing Plaintiff with an extension of time to complete service of process upon the United States, Plaintiff still did not "(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates

in a writing filed with the court clerk--or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1). As such, Plaintiff still has not properly accomplished service of process upon the defendants.

Rule 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The defendants were not served within 90 days after Plaintiff filed his complaint, and therefore the Court ordered that service be made within a specified time: by August 4, 2023. Plaintiff still did not properly serve the defendants within the time specified by the Court. The Court previously provided notice to Plaintiff that "Failure to accomplish service of process by that date may result in dismissal of this case without further notice." (Filing No. 11). The record reflects Plaintiff failed to properly serve the defendants under the Federal Rules of Civil Procedure. "In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). As such, the Court will recommend dismissal of this action under Rule 4(m). Upon consideration,

**IT IS HEREBY RECOMMENDED** to Robert F. Rossiter, Jr., Chief United States District Court Judge, that this case be dismissed without prejudice for failure of service pursuant to Federal Rule of Civil Procedure 4(m).

Dated this 16th day of August, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

### ADMONITION

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.